UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
STEVEN G. WILLIAMS, JR., :
           Plaintiff, :
            :  **OPINION AND ORDER**
v. :
            : 17 CV 6918 (VB)
ADRIAN H. ANDERSON (SHERIFF), KIRK A. :
IMPERATI (UNDERSHERIFF), and GEORGE :
V. KROM, JR., (CORRECTIONS :
ADMINISTRATOR), :
           Defendants. :
----------------------------------------------------------x

Briccetti, J.:

Plaintiff Steven G. Williams, Jr., proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 alleging defendants Adrian H. Anderson, Kirk A. Imperati, and George V. Krom, Jr., violated his constitutional rights.

Now pending is defendants' motion to dismiss the amended complaint[1] pursuant to Rule 12(b)(6). (Doc. #28).

For the reasons set forth below, the motion is GRANTED. However, the Court grants plaintiff leave to file a second amended complaint, as described below.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

For the purpose of deciding the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

---

[1] By Order dated March 13, 2018 (Doc. #26), the Court accepted plaintiff's February 9, 2018, submission (Doc. #22), as an addendum to plaintiff's original complaint (Doc. #2), and construed the two documents together as the operative amended complaint in this matter.

1

Plaintiff challenges the calculation of his credit for time spent in custody following a February 8, 2012, arrest in Dutchess County. After his arrest, plaintiff remained in jail until April 18, 2012, when he was released to probation. However, plaintiff was "re-arrested" on May 24, 2012. (Doc. #2 Ex. A). On September 8, 2012, plaintiff pleaded guilty in Dutchess County Court to assault and contempt of court.

Before plaintiff could be sentenced in state court, he was arraigned on unrelated federal charges. Plaintiff was allegedly held at the Westchester County Jail on both the state and federal charges until February 18, 2013, when he was transferred to the Metropolitan Detention Center ("MDC"). On October 17, 2014, plaintiff was sentenced on the federal charges to sixty-six months' imprisonment.

Plaintiff was returned from MDC to Dutchess County Jail on October 21, 2014. Two days later, plaintiff was sentenced in Dutchess County Court to a determinate sentence of three years and six months' imprisonment. Plaintiff began serving his state sentence on November 3, 2014. The Dutchess County Sheriff's Office provided plaintiff a notice dated October 31, 2014, reflecting 603 days of credit for time served in custody for the following periods: February 8 to April 18, 2012; May 24, 2012, to October 25, 2013; and October 22 to November 2, 2014.

Plaintiff alleges he wrote to "inmate records" regarding a perceived miscalculation of his credit for time served in custody, and received "numerous letters from records stating that this was the time that they had received." (Doc. #2 at 3).

On plaintiff's behalf, James Bogin, Esq., of Prisoners' Legal Services of New York, wrote to the Dutchess County Sheriff's Office Corrections Administrator, defendant George Krom. Mr. Bogin's letter, dated August 9, 2016, set forth the dates of plaintiff's incarceration,

and requested that plaintiff receive credit for time served between October 25, 2013, and October 17, 2014, the date of plaintiff's federal sentencing.

On August 17, 2016, the Dutchess County Sherriff's Office issued plaintiff an amended notice reflecting 959 days of credit for time served. Thereafter, plaintiff was released to federal custody.

According to plaintiff, 959 days in custody was "179 days" past his "expiration" date. (Doc. #2 at 3). Information available on the New York State Department of Corrections and Community Supervision ("DOCCS") website indicates plaintiff's "maximum expiration date"[2] was March 13, 2016. See Steven G. Williams Inmate Information, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130. However, plaintiff was not released from DOCCS custody until September 1, 2016. The notation DOCCS provides for plaintiff's "latest release date" states "parole max exp other." (Id.). No further explanation is provided.

By Order dated March 3, 2018, the Court directed that if defendants moved to dismiss the amended complaint, their motion should "address the question of whether or not plaintiff was held in state custody 179 days longer than his sentence permitted." (Doc. #26).

Defendants' brief asserts defendants "cannot accurately state whether or not [plaintiff] did spend more time in state prison than he otherwise would have but for the initial jail time computation" reflected in the October 31, 2014, notice. (Defs. Br. at 1).

---

[2] DOCCS provides a definition for "maximum expiration date," which states: "If an inmate is not released by the Parole Board or by conditional release, he or she will remain in custody until his or her maximum expiration date. Upon reaching the maximum expiration date, the individual's legal obligation to serve a custodial sentence or period of parole supervision ends." Inmate Information Data Definitions, http://www.doccs.ny.gov/univinq/fpmsdoc.htm#me.

3

**DISCUSSION**

I.    <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Id</u>. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>.

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010). The court may nevertheless consider a document not incorporated by reference if the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." <u>Id</u>. (quoting <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006)). However, "it must be clear on the record that no dispute exists regarding the authenticity or

accuracy of the document." DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111 (quoting Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111 (quoting Faulkner v. Beer, 463 F.3d at 134).

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Application

Liberally construed, plaintiff's complaint asserts claims pursuant to 42 U.S.C. § 1983 for violations of his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to due process.

A. Plaintiff's Eighth Amendment Claim

Defendants argue plaintiff fails to state an Eighth Amendment claim.

The Court agrees.

To state an Eighth Amendment claim based on prolonged incarceration, plaintiff must allege "defendants were deliberately indifferent to his" prolonged incarceration. Calhoun v. N.Y.S. Div. of Parole Officers, 999 F.2d 647, 654 (2d Cir. 1993).

5

To state an Eighth Amendment claim for deliberate indifference, plaintiff's allegations must satisfy a two-prong test. First, plaintiff must plausibly allege he suffered a sufficiently serious constitutional deprivation. Second, plaintiff must plausibly allege the defendants acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff's alleged incarceration for 179 days—roughly six months—beyond the expiration of his sentence is, if true, a sufficiently serious constitutional deprivation. Compare Calhoun v. N.Y.S. Div. of Parole Officers, 999 F.2d at 654 ("the five-day extension of [plaintiff's] release date did not inflict a harm of a magnitude that violates a person's eighth amendment rights") (citations omitted), with Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989) (plaintiff's detention for nine months beyond the expiration of his sentence gave rise to an Eighth Amendment violation).

However, plaintiff fails to allege that any of the named defendants acted with deliberate indifference to his prolonged incarceration. It is well settled in the Second Circuit that "to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013).

Here, although plaintiff alleges he wrote "inmate records in search of answers" and received "numerous letters from records" (Doc. #2 at 3), he does not attach any of those letters to his amended complaint, and makes no allegation to suggest any of the named defendants received or responded to his letters, or took any action to impede his timely release.

Accordingly, plaintiff's Eighth Amendment claim must be dismissed.

B. Plaintiff's Fourteenth Amendment Claim

Defendants do not specifically address plaintiff's Fourteenth Amendment right to due process, but they argue plaintiff fails to allege their personal involvement in any constitutional deprivation.

The Court agrees.

To allege a violation of due process, plaintiff must plead "(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001) (citation omitted).

It is clear plaintiff possessed a liberty interest "in being released upon the expiration of his maximum term of imprisonment." Calhoun v. N.Y.S. Div. of Parole Officers, 999 F.2d at 653.

However, plaintiff fails to allege the named defendants' personal involvement in the deprivation of due process. For example, plaintiff makes no allegation that any of the named defendants denied plaintiff a hearing, or received plaintiff's letters and failed to respond, or otherwise denied plaintiff the opportunity to be heard.

Accordingly, plaintiff's Fourteenth Amendment claim must be dismissed.

C. Plaintiff's Monell Claims

To the extent plaintiff's claims are asserted against the individual defendants in their official capacities, defendants argue they must be dismissed because plaintiff fails to state a Monell claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Court agrees.

"[A] suit against a governmental officer 'in his official capacity' is the same as a suit 'against [the] entity of which [the] officer is an agent.'" McMillian v. Monroe Cty., 520 U.S. 781, 785 n.2 (1997) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

Thus, to the extent plaintiff's claims against the individual defendants are asserted against the individual defendants in their official capacities, those claims are evaluated under the standard set forth in Monell.

To state a Monell claim, plaintiff must allege the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. A government official may be liable in his official capacity if plaintiff alleges the official violated plaintiff's constitutional rights by establishing a custom or policy fostering the violation. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Plaintiff has not alleged any of the individual defendants established a custom or policy which fostered the alleged violation of plaintiff's constitutional rights.

Accordingly, to the extent plaintiff's claims against the individual defendants are asserted against those defendants in their official capacities, those claims are dismissed.

III.     Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading

of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

However, leave to amend may "properly be denied for . . . futility of amendment." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).[3]

Here, because a liberal reading of plaintiff's amended complaint indicates valid claims might be stated, the Court grants plaintiff leave to file a second amended complaint.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1. give the names and titles of all relevant persons, including relevant persons who are not currently named as defendants in this action;

2. describe all relevant events, stating the facts that support plaintiff's case including what each defendant personally did or failed to do;

3. give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

4. give the location where each relevant event occurred;

5. describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered; and

6. state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

3   Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Essentially, the body of plaintiff's second amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief. **Because plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any and all facts or claims that plaintiff wishes to maintain must be included in the second amended complaint.**

In addition, plaintiff is strongly encouraged to contact the New York Legal Assistance Group, the contact information for which is attached hereto, for free legal assistance in preparing his second amended complaint.

Once plaintiff has filed his second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk to complete the USM-285 form with the address for any additional defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The motion to dismiss is GRANTED.

By November 10, 2018, plaintiff shall file a second amended complaint.

The Clerk is instructed to terminate the motion. (Doc. #28).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: October 10, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge